The Honorable Bill Stephens State Representative 18 Forrest Lane Conway, Arkansas 72032
Dear Representative Stephens:
This is in response to your opinion request wherein you posed the following inquiries:
 Are educational cooperatives as authorized under Act 349 of 1985 eligible to participate in the distribution of the non categorical Chapter 2 block grant funds on the same basis as local school districts?
May a local educational agency award any part of the non categorical Chapter 2 block grant funds which it has received under the provisions of Section 565(a) of the Act to an educational cooperative as defined in Act 349 of 1985?
In response to your inquiries, this Office must support the conclusion made by the Arkansas Department of Education that the answer to both your questions is no.
Section 565(a) states that, "From the sum made available each year under Section 563, the State educational agency shall distribute not less than 80 percent to local educational agencies within such State according to the relative enrollments in public and nonpublic schools within the school districts of such agencies, adjusted, in accordance with criteria approved by the Secretary, to provide higher per pupil allocations to local educational agencies which have the greatest numbers or percentages of children whose education imposes a higher than average cost per child, such as —
(1) children from low-income families,
(2) children living in economically depressed urban and rural areas, and
(3) children living in sparsely populated areas."
This distribution formula does not appear to recognize educational cooperatives as local educational agencies in the allocation of funds.
Further, the following definition of a local educational agency is set forth in Section 595(a) of the Act:
 Except as otherwise provided herein as used in this subtitle — the term `local educational agency' means a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary or secondary schools in a city, county, township, school district, or other political subdivision of a State, or such combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary or secondary schools. Such term includes any other public institution or agency having administrative control and direction of a public elementary or secondary school.
Chapter 2 legislation and regulations do not define "service function". A definition is located in the Federal Register, November 6, 1973, relating to administrative and fiscal requirements, to wit:
 "Service function", with respect to a local educational agency, means an educational service which is performed by a legal entity, such as an intermediate agency, whose jurisdiction does not extend to the whole of the State and which is authorized to provide consultative, advisory, or educational program services to public elementary or secondary schools, or which has regulatory functions over agencies having administrative control or direction of public elementary or secondary schools, rather than a service which is performed by a cultural or educational resource.
One of the key words in this definition in respect to whether an educational cooperative is a local education agency because it provides a service function is "jurisdiction". Act 860 of 1981 and Act 349 of 1985 made provisions for a cooperative type of organization which school districts could form voluntarily. The cooperative would have no jurisdiction over any member district, but it could provide services to that district if it chose to participate.
Your attention is also directed to Question No. 2 and its answer found on page 14 of Chapter 2 Nonregulatory Guidance for State and Local Educational Agencies. It reads as follows:
 Q: Some States have regional service centers or intermediate units that provide educational services to a number of LEAs. In many instances, these regional centers meet the statutory definition of an LEA. Also, as a result of these arrangements, a child may be enrolled in both a component LEA and a regional center. How should States deal with regional service centers, which meet the statutory definition of a LEA, in the Chapter 2 distribution formula?
 A. Section 565 (a) of Chapter 2 (Appendix A at 3) does not permit any double counting of children. Thus, when both a regional center and the component LEAs that it serves qualify as LEAs under the statutory definition of an LEA, Chapter 2 requires the SEA to distribute funds to either the regional center or the component LEAs, or to determine an equitable means of dividing the funds among the eligible LEAs. For example, if a regional service center is providing services to children in the component LEAs within the center's service area, the SEA may choose to distribute Chapter 2 funds to the component LEAs which could then contract with the regional center for those services. Other options are also available. If an SEA decides to distribute Chapter 2 funds directly to a regional center on the basis that the center is an LEA, then the regional center must apply for those funds under Section 566 of Chapter 2 and meet all the requirements imposed on LEAs by the statute and the final regulations.
You will notice that emphasis is placed upon the statutory definition of an LEA. It clearly indicates that enrollment of children is a factor and they cannot be counted twice. In the event educational cooperatives are considered having children enrolled, would those same children have to be considered for other forms of state and federal aid?
We have also been unable to find any authority that permits a school district to grant part or all of its Chapter 2 funds to an educational cooperative or to another school district. We reference Regulation 298.3 of the Rules and Regulations published September 18, 1985. Section (a)(ii) states, "a State educational agency is the State agency responsible for the administration and supervision of programs assisted with Chapter 2 funds. (2) Apart from providing technical and advisory assistance and monitoring compliance with Chapter 2, an SEA may not exercise any influence in the decision-making process of a local educational agency (LEA) concerning the expenditures described in the LEA's application under Section 566 of Chapter 2." It appears that if the Department of Education is prohibited from developing a rule or procedure for making funds available directly to educational cooperatives, neither can school districts. Again, Section C (1) and (2) of the same regulation restrict the LEA's use of funds "for the purpose of meeting the educational needs within the schools of that LEA."
In summary, it appears that the Department of Education can grant Chapter 2 funds only to agencies that meet the statutory definition of an LEA on the basis of school enrollment within the agencies and each agency must spend those funds according to the intent of Chapter 2 and on children in its schools.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair, III.
Sincerely,
Steve Clark Attorney General
JSC:CRM:jl